UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

BOOZER                            CIVIL ACTION 3-05-0873

VERSUS                         U.S. DISTRICT JUDGE ROBERT G. JAMES

LINCOLN HEALTH SYSTEM, INC.,
    et al
                                 U.S. MAGISTRATE JUDGE JAMES D. KIRK

REPORT AND RECOMMENDATION

Before the court is a Motion for Summary Judgment, Doc. # 12, filed by defendant, Lincoln Health System, Inc. (Lincoln). The motion is unopposed.

Plaintiffs sued claiming breach of the standard of care during the course of Jennifer Booze's labor and delivery. The claim was filed with the Louisiana Patient's Compensation Fund which, in a unanimous decision, found no fault on the part of Lincoln.

Standard of Review

Rule 56 of the Federal Rules of Civil Procedure mandates that a summary judgment:

"shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, [submitted concerning the motion for summary judgment], if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Paragraph (e) of Rule 56 also provides the following:

> "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party."

Local Rule 56.2W also provides that all material facts set forth in a statement of undisputed facts submitted by the moving party will be deemed admitted for purposes of a motion for summary judgment unless the opposing party controverts those facts by filing a short and concise statement of material facts as to which that party contends there exists a genuine issue to be tried. Since plaintiff has not attempted to controvert any of the specific facts stated in the defendant's statement of undisputed facts, those facts will be deemed admitted for purposes of this motion.

A party seeking summary judgment always bears the initial burden of informing the court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 106 S.Ct. 2548 at 2552; International Ass'n. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co., Inc., 812 F.2d 219, 222 (5th Cir. 1987). However, movant need not negate the elements of the nonmovant's case. Little v. Liquid Air Corporation, 37 F.3d 1069, (5th Cir. 1994). Once this burden has been met, the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial." Izen v. Catalina 382 F.3d 566 (5th Cir. 2004); Fed. R. Civ. P. 56(e). All evidence must be considered, but the court does not make credibility determinations. If the movant fails to meet its initial burden, summary judgment

should be denied. Little, 37 F.3d at 1075.

However, the non-movant, to avoid summary judgment as to an issue on which it would bear the burden of proof at trial, may not rest on the allegations of its pleadings but must come forward with proper summary judgment evidence sufficient to sustain a verdict in its favor on that issue. Austin v. Will-Burt Company, 361 F. 3d 862, (5th Cir. 2004). This burden is not satisfied with "some metaphysical doubt as to the material facts," by "conclusory allegations," by "unsubstantiated assertions," or by only a "scintilla" of evidence. Little, id.

In cases like the instant one, where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the "pleadings, depositions, answers to interrogatories, and admissions on file." Celotex at 2553.

## Analysis

Here, defendant has shown there is no genuine issue of material fact. Defendant has attached the Opinion and Written Reasons of the Panel and the affidavit of one of the panel physicians, Dr. F. A. Moore, III. Plaintiffs have not come forward with specific facts showing that there exists a genuine issue of material fact.

## Conclusion

For these reasons, IT IS RECOMMENDED THAT the Motion be GRANTED and that Lincoln be DISMISSED from this case.

## **OBJECTIONS**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have ten (10) business days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections

within ten (10) days after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Alexandria, Louisiana, September 2, 2005.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE